FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 10 2013

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

BRANT B. BARBER                    CASE NO. 1:13-cv-0975-TWT

Plaintiff

Vs.

RUBIN LUBLIN, LLC.

Defendant

## PLAINTIFF'S RESPONSE IN OPPOSITION
## TO DEFENDANT'S MOTION TO DISMISS

COMES NOW, BRANT B. BARBER, (hereinafter, "PLAINTIFF" or "Barber),

Plaintiff in the above-styled action and respectfully submits and files this

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO

DISMISS, showing the court as follows:

## 1. INTRODUCTION

### A. PLAINTIFF BARBER'S CLAIMS GENERALLY

PLAINTIFF Barber has filed a complaint that seeks damages for unlawful

collection practices utilized by DEFENDANT law firm Rubin Lublin, LLC.,

(hereinafter Rubin Lublin or Defendant) That violate the Fair Debt

Collection Practices Act (hereinafter "FDCPA"),  15 U.S.C & 1601, 1692 *et

seq.* The DEFENDANT Rubin Lublin has violated the FDCPA by failing to

1

identify the actual creditor in debt collection communications that are
covered under the FDCPA and by falsely stating that (DEUTSCHE BANK
NATIONAL TRUST COMPANY, AS TRUSTEE FOR CERTIFICATE
HOLDERS OF THE FIRST FRANKLIN MORTGAGE LOAN TRUST
2005-FF8, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES
2005-FF8,) ( hereinafter "DBNTC" or "Deutsche" or "Deutsche bank" ) is
the alleged secured creditor of the PLAINTIFF, but is actually the servicer,
and in fact is a debt collector (as defined in the FDCPA), of the
PLAINTIFF'S alleged mortgage debt for the Federal National Mortgage
Association, hereinafter "Fannie Mae"

### B. <u>THE ISSUES RAISED IN DEFENDANT'S MOTION  TO DISMISS</u>

### 1. STATEMENT OF FACTS

PLAINTIFF objects to DEFENDANT'S assumptive use of the terms such
as: Loan, Security Deed, Lien Interest, Secured Creditor and Debt
throughout the DEFENDANT'S MOTION TO DISMISS, until any alleged
Debt or Lien Interest is proven to be valid by the DEFENDANT.

(P2) PLAINTIFF objects to DEFENDANT'S statement "obtained a loan."
PLAINTIFF states that what was received was a misrepresentation of a loan
for 3993 Glen Meadow Drive, Norcross, GA 30092 that the DEFENDANT
illegally attempted to foreclose on Tuesday, May 7th, 2013.

(P2) PLAINTIFF objects to DEFENDANT'S statement "Conveyed the Property via Security Deed" and "Assigned." PLAINTIFF states that the alleged "Conveyance", "Security Deed" and "Assignment" may be fraudulent.

(P3) DEFENDANT states "Deutsche Bank retained the law firm of Rubin Lublin, LLC to initiate foreclosure proceedings on its behalf. As part of this process, Rubin Lublin sent the Plaintiff a letter on March 11, 2013, notifying the Plaintiff that it had been retained by Deutsche Bank to foreclose and the balance of the loan had been accelerated (the "FDCPA Notice") ( **SEE EXHIBIT "A").**"

DEFENDANT'S attempted foreclosure sale did not comply with the Georgia nonjudicial foreclosure statute (O.C.G.A & 44-14-160 *et seq.*)

Nonjudicial foreclosure pursuant to O.C.G.A & 44-14-162 is in derogation of the common law and therefore the requirements of the Code are to be strictly construed. Martin v. Fed. Land Bank, 173 Ga. App. 142 (325 S.E.2d 787) (1984). The applicable code section  - O.C.G.A. & 44-14-162.2 – does not allow for either a "secured creditor" or its duly authorized agent to provide the required notice. The notice must come from the secured creditor.

Plaintiff has not received any foreclosure notice or any other foreclosure information or an FDCPA notice from DBNTC, who Rubin Lublin claims is the "secured creditor" – Thus, Georgia foreclosure procedures have not been followed.

The interpretation reached in <u>Lacosta v. McCalla Raymer, LLC</u> that since the use of an agent is not specifically disallowed it must then be allowed is incorrect. "Where there is no ambiguity, our job is simply to look at the words the legislature used, not to interpret what we think they must have meant. If the legislature disagrees with our construction, it is free to amend the statute to make its intent clear, as it has on other occasions." <u>Gordon v. Atlanta Cas. Co.</u>, Ga 148, 611 S.E.2d 24 (2005). In <u>Morgan v. Ocwen Loan Servicing, LLC</u>, 795 F.Supp.2d 1370, 1376 (N.D.Ga.2011, it states "The court concludes that Georgia statutes and case law require the <u>holder</u> of the loan to carry out the foreclosure and <u>to indentify itself</u> as the secured creditor of public record prior to the foreclosure sale."

At no point has documentation been provided to the Plaintiff to establish a principal-agent relationship between Fannie Mae and DBNTC. DBNTC is the party listed as the "secured creditor" on the foreclosure letter with no reference to its legal status as Fannie Mae's agent. - If the alleged debt and alleged Note are owned by Fannie Mae, the bank/servicer's notice and Advertisement may be defective. (<u>Stubbs</u> – 1:11-cv-1367-AT)  If DBNTC is the "holder" of the alleged loan and Fannie Mac is the "owner" of the alleged note – Georgia Law, which has adopted the Uniform Commercial Code, explicitly provides that the holder of a note, i.e. the party entitled to enforce it, is not necessarily the owner of the note – which may have implications in inconsistency between the Georgia Commercial Code and the court's decision in <u>Reese</u> to challenge the validity of DEFENDANT'S attempted foreclosure  of the subject property on May 7, 2013.

A deficient statutory notice may be in effect in the Plaintiff's claims

of wrongful attempted foreclosure by the DEFENDANT, In light of

(Reese) in that the foreclosure counsel may have needed to insure that

the foreclosure notice provided the name of the secured creditor and

the holder of the note, in addition to the loan servicer and any and all

relationships between them, including agent relationships and

foreclosing lawyer relationship to the actual secured creditor. This

full disclosure of all parties and their correct roles and correct

associations in regards to the attempted foreclosure has not been

supplied to the PLAINTIFF.

## II. MOTION TO DISMISS STANDARD – CITATION OF AUTHORITY

A motion to dismiss under Rule 12(b)(6)… Challenges the legal sufficiency
rather than the truth of factual allegations, which are assumed true and
construed most favorably to the plaintiff. Hoffman-Pugh v. Ramsey, 312
F.3d 1222, 1225 (11th Cir. 2002) The Trial Court's consideration of a motion
to dismiss is restricted to the allegations in the Complaint, and may not rest
properly rest on facts or assumed facts not rightly raised in the Complaint.
Morrison v. Amway Corp., 323 F.3d 920, 924 (11th Cir. 2003) see also
Ramos v. Goodfellas Brooklyn's Finest Pizzeria, LLC, 208 U.S. Dist.
LEXIS 87368 (S.D. Fla 10/15/2008) ("at the motion to dismiss stage, under
Fed. R. Civ. P. 12 (b)(6), a court can only examine the four corners of a
complaint.")

"The threshold of sufficiency that a complaint must meet to survive a
motion to dismiss for failure to state a claim is… 'exceedingly low.'"
Fin Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1282 (11th Cir.
2007), quoting, Anacata v. Prison Health Servs., Inc 769 F.2d 700,
703 (11th Cir. 1985). "A Complaint should not be dismissed for

failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

"In deciding a motion to dismiss, the court must accept as true all the factual allegations in the complaint, drawing all inferences derived from those facts in the light most favorable to the plaintiff." Brown v. Crawford County, 960 F. 2d 1002, 1010 (11th. Cir 1992). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974); Little v. N. Miami, 805 F. 2d 962, 965 (11th Cir. 1986) (same)

Under Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) , to survive a 12(b)(6) motion to dismiss, a complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true." A well-plead complaint will survive a motion to dismiss "even if it strikes a savvy judge that actual proof of these facts is improbable, and 'that a recovery is very remote and unlikely.'" Twombly, 127 S. Ct at 1965.

As to the FDCPA, it is a consumer protection statute. The FDCPA mandates three areas of collector compliance: 1. Identifying oneself as a debt collector, 2. Advising the debtor of the right to verify and dispute the debt, and 3. Refraining from harassment, false representations and third party communications.

The Act is primarily self enforcing by consumers through the private attorneys general mechanism. See, West v. Costen, 558 F.Supp. 564 (W.D. Va. 1983)("The FDCPA… is 'primarily self-enforcing'… through private causes of action.") and – Senate Report No. 95-382, at 5 (Aug. 2, 1977),

*reprinted in* 1977 U.S.C.C. & A.N. 1695, 1699 "The committee views this legislation as primarily self-enforcing; consumers who have been subjected to collection abuses will be enforcing compliance."

The FDCPA only cover "debt collectors" as statutorily defined, 15 U.S.C. Section 16921 (6) . A Debt Collector is any person collecting debts on behalf of another. The Act excludes original creditors and their employees – Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). Attorney debt collectors are covered. Inclusion of attorneys as debt collectors was done by way of amendment to the Act. A 1986 amendment deleted the statutory exclusion for attorneys – Heintz v. Jenkins, 514 U.S. 291 (1995).

> To be covered by the Act, a collector must "regularly" attempt to collect debts., 15 U.S.C. Section 1692a(6); Heintz v. Jenkins, 514 U.S. 291 (1995). Regularly collecting occurs when undertaking collection activity "more than a handful of times per year" – Crossley v. Lieberman, 868 F.2d 566 (3rd Cir. 1989).

If the coverage applies, three central substantive provisions prohibit, without limitation, all abusive, false and unfair practices, 15 U.S.C. Sections 1692d, 1692e and 1692f. Each section contains in identical format general provisions and, "(w)ithout limiting the general application of the foregoing…", provides a list of *per se* violations. That is, each section lists examples of prohibited conduct which does not limit the general prohibitions against abusive, false and unfair means – Commentary, Sections 806-1, 807-1, and 808-1; accord, United States v. National Financial Services, Inc., 98F.3d 131, 135 (4th Cir. 1996)( & 1692e  provides a non-exhaustive list of prohibited conduct); Bentley v. Great Lakes Collection Bureau, 6 F.3d 60

(2nd Cir. 1993).

> As to the prescription against False Representations, any
> representation which is objectively false constitutes a *per se* violation
> of Section 1692e – Creighton v. Emporia Credit Service, Inc., 981 F.
> Supp. 411 (E.D. Va 1997). Even if not objectively false, any statement
> which is capable of deceiving or misleading violates Section 1692 e –
> Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985).
> Deception is tested under the standard of the "least sophisticated
> consumer" – U.S. v. National Financial Services, Inc., 98 F.3d 131
> (4th Cir. 1996.) This standard measures tending to deceive "consumers
> of below-average sophistication or intelligence" – Clomon v. Jackson,
> 988 F.2d 314 (2nd Cir. 1993). Any "plausible" interpretation of a
> representation which is deceptive or false to the "least sophisticated
> consumer" violates the FDCPA – Dutton v. Wolhar, 809 F. Supp.
> 1130 (D.Del. 1992). A "message that is open to an inaccurate yet
> reasonable interpretation by the consumer…is…deceptive as a matter
> of law" – Creighton v. Emporia Credit Service, Inc. 981 F.Supp. 411,
> 416 (E.D. Va. 1997) Russell v. Equifax A.R.S., 74 F.3d 30 (2nd Cir.
> 1996); *accord*, Maguire v. Citicorp Retail Services, Inc., 147 F.3d 232
> (2nd Cir. 1998).

A single violation of the Act triggers statutory liability and remedies.,
Morgan v. Credit Adjustment Board, Inc., 999 F.Supp. 803 (E.D. Va. 1998);
Clomon v. Jackson, 988 F.2d 1314 (2nd Cir. 1993). A violation can result in
liability for up to $ 1,000 in statutory damages., 15 U.S.C Section 1692k
(a)(2)(A) Statutory damages available even in absence of actual damages –
Baker v. G.C. Services, Corp., 677 F.2d 775 (9th cir. 1982). Keele v. Wexler,
149 F.3d 589 (7th Cir. 1998).

> The FDCPA is a strict liability clause, where degree of the
> defendant's culpability is relevant only in computing damages, not in
> determining liability – Russell v. Equifax A.R.S., 74 F.3d 30 (2nd Cir.
> 1996); Bentley v. Great Lakes Collection Bureau, 6F.3d 60 (2nd Cir.

8

1993); <u>Pittman v. J.J. Mac Intyre Co.,</u> 969 F.Supp. 609 (D.Nev. 1997).
A Plaintiff therefore need suffer no actual injury whatsoever to
recover – *Id. Indeed*, whether a plaintiff even receives or reads an
offending Communication is irrelevant to liability – <u>Morgan v. Credit
Adjustment Board, Inc</u>  999 F. Supp. 803, 805-06 (E.D. Va. 1998) and
intent is not an element of liability – <u>Patzka v. Vitervo College</u>, 917 F.
Supp. 654 (W.D. Wis. 1996).

Finally, the FDCPA is a remedial statute to be liberally construed, imposing
strict liability. <u>Harrison v. NBD, Inc.,</u> 968 F.Supp., 836 (E.D.N.Y. 1997).
And the Act has a <u>One year statute of limitations.</u>, 15 U.S.C. Section
1692k(d). Violations barred by the statute of limitations are nonetheless
admissible to show a pattern of abuse and harassment or other evidentiary
purpose – <u>Pittman v. J.J. Mac Intyre Co.</u>, 969 F. Supp. 609 (D.Nev. 1997)

## C. RUBIN LUBLIN IS A "DEBT COLLECTOR"

15 U.S.C. & 1692(e) states that "a debt collector may not use any false, deceptive,

or misleading representation or means in connection with the collection of any

debt." (15 U.S.C & 1692(e).  In Rubin Lublin's Motion to Dismiss, Rubin Lublin

refers to the letter as "the FDCPA Notice" (P 11, P 12), and then goes on to state

that the FDCPA does not apply. (P 9). The "FDCPA Notice"(**SEE EXHIBIT**

**"A")**  states – "Should it apply, please be advised that this firm is acting as a debt

collector attempting to collect a debt and any information obtained will be used

for that purpose." Rubin contends that this notice relates to an enforcement of lien

rights, as opposed to the collection of a debt, and because of this, it is not subject

to the FDCPA – to which the PLAINTIFF opposes. In <u>Bourff  v. Lublin,</u> March

15, 2012 – The allegation that the loan servicer was not a "creditor" was enough to

state a plausible claim for relief under the FDCPA. PLAINTIFF opposes the

DEFENDANT'S incorrect statement that the FDCPA does not apply to this case.

(P7). PLAINTIFF states that Rubin Lublin is a debt collector. A review of legal

organs throughout the state of Georgia show the DEFENDANT has represented

various creditors, well in excess of a hundred (100) separate non judicial

foreclosures in the past year.

      To foreclose on a Security Deed in Georgia, the requirements are as follows:

& 44-14-162.2 Sales made on foreclosure under power of sale – Mailing or

delivery of notice to debtor – Procedure.

  a.) Notice of the initiation of proceedings to exercise a power of sale in a
mortgage, security deed, or other lien contract shall be given to a debtor by
the secured creditor no later than 30 days before the date of the proposed
foreclosure. Such notice shall be in writing, shall include the name, address,
and telephone number of the individual or entity who shall have full
authority to negotiate, amend, and modify all terms of the mortgage with the
debtor, and shall be sent by registered or certified mail or statutory overnight
delivery, return receipt requested, to the property address or to such other
address as the debtor may designate by written notice to the secured creditor.
The notice required by this code section shall be deemed given on the
official postmark day or on day on which it is received for delivery by a
commercial delivery firm. Nothing in this subsection shall be construed to
require a secured creditor to negotiate, amend, or modify the terms of a
mortgage instrument.

  b.) The notice required by subsection (a) of this Code shall be given by mailing
or delivering to the debtor a copy of the notice of sale to be submitted to the
publisher.

The FDCPA Notice given to PLAINTIFF came from Rubin Lublin on their

letterhead, not from DBNTC, who Rubin Lublin has claimed is the "secured creditor". Either Rubin Lublin has not followed proper procedures according to Georgia & 44-14-162.2 or Rubin Lublin is taking on the role as the "secured creditor" and engaging in debt collection practices. Rubin Lublin stepped outside the foreclosure arena and into the debt collection arena when it sent this initial "FDCPA Notice". The FDCPA Notice (**SEE EXHIBIT "A"**) references Rubin Lublin's website: http://www.rubinlublin.com/homeowner.php., where it states: "While we understand you may be experiencing temporary or permanent financial troubles that have caused you to be in default of the terms of your mortgage, we may be able to assist you in finding a mutually agreeable work-out plan that fits you and your lender's needs." PLAINTIFF views this as debt collection, where Rubin Lublin is engaged in collecting and negotiating debt by means of repayment plans, loan modifications, reinstatements, Deed in lieu of foreclosure and short sales. (**SEE EXHIBIT " J"**)

The DEFENDANT is a debt collector and this court should deny Rubin Lublin's Motion to Dismiss.

## D. THE FDCPA DOES APPLY.

An FDCPA notice by itself, with FDCPA disclaimers, may be considered an attempt to collect a debt when it comes from an entity representing the "secured creditor – who is a debt collector" and by doing so, misrepresents the entity as the "secured creditor" and is beyond the scope of O.C.G.A. & 44-14-162.2.  Under the

FDCPA, attorney debt collectors are covered. The inclusion of attorneys as debt collectors was done by way of amendment to the Act. A 1986 amendment deleted the statutory exclusion for attorneys – Heinz v. Jenkins, 514 U.S. 291 (1995) Pursuant to sections 1692(d) and 1692 (e) of the FDCPA, liability attaches only to those meeting the statutory definition of "debt collector". Section 1692a(6) provides that a debt collector is any person who uses an instrumentality of interstate commerce or the mail in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Rubin Lublin claims that it is only enforcing lien rights and is not attempting to collect a debt. Rather, they are attempting to take ownership of the alleged security interest in lieu of collecting on the debt. (indirect debt collection). Rubin Lublin claims that it is not a debt collector because the FDCPA letter was not sent for the purposes of collecting a debt, but rather, it was sent as part of its effort to foreclose on the lien interest for the alleged loan, i.e. the Plaintiff's property.

> In district court case Pettway v. Harmon Law Offices, P.C. , 2005 WL 2365331 (D.Mass. Sept 27, 2005) The district court distinguished those cases that allege abuses of the foreclosure process that were only tangentially related to the payment of the underlying debt. The court relied on cases where the defendant law firms were seeking the repayment of various costs, including legal fees, that were authorized by a debt agreement, and concluded that "(T)he fact that these defendant law firms were also seeking to foreclose on the pledged property did not insulate them from FDCPA liability for making incomplete and misleading statements about the debt owed."

The FDCPA Notice states: "The total amount of the debt owed to the creditor

consists of…. Legal fees/costs and other charges."

Another line of cases have concluded that the enforcement of a security interest,

regardless of whether the law firm was requesting payment of funds, is debt

collection under the FDCPA.

> See Piper v. Portnoff  Law Assoc., Ltd, 396 F.3d 227, 234 (3rd Cir. 2005)
> ("The fact that the (statute) provided a lien to secure the (Plaintiff's) debt
> does not change its character as a debt or turn the (defendant's)
> communications to the (plaintiffs) into something other than an effort to
> collect that debt") Ray v. International Bank, Inc. , 2005 WL 2305017 (D.
> Colorado. Sept. 21, 2005) ("Construed broadly, a foreclosure proceedings is
> a form of debt collection.")

The 3rd Circuit in Piper construed section 1692i as evidence of a Congressional

intent to extend the provisions of the Act to consumer defendants in suits brought

to enforce security interests in real property when it held that the FDCPA applied

to defendants who communicated with debtors in an effort to secure payments of

debts, even if those debts were secured by real property. Piper, 396 F.3d at 236.

> Piper v. Portnoff Law Assocs., 396 F.3d 227, 234 (3rd Cir. 2005) ("The fact
> that the (Pennsylvania Municipal Claims and Tax Liens Act) provided a lien
> to secure the Piper's debt does not change its character as a debt or turn
> PLA's communications to the Pipers into something other than an effort to
> collect that debt."). Furthermore, the Defendant's actions surrounding the
> foreclosure proceedings were attempts to collect that debt. See Romea v.
> Heiberger and Assocs., 163 F.3d 111, 116 (2nd Cir. 1998) (concluding that
> an eviction notice required by statute could also be an attempt to collect a
> debt.); Shapiro and Meinhold v.  Zartman, 823 P.2d 120, 124 (Colo. 1992)
> ("A foreclosure is a method of collecting a debt by acquiring and selling
> secured property to satisfy a debt.")

Rubin Lublin's website, referred to in the FDCPA Letter has a whole section of "Testimonials" where Rubin Lublin has assisted homeowners negotiate debt in addition to a whole section of "Property Listings" where Rubin Lublin is advertising auction properties for sale with opening bid prices.

**(SEE EXHIBIT "J")**

The 7th Circuit decision in <u>Gburek v. Litton Loan Servicing LP</u> 2010 U.S. App. LEXIS 15346 (7th Cir. 2010) also provides some guidance. In <u>Gburek</u>, the United States District Court for the Northern District of Illinois, Eastern Division, had granted appellate mortgagor's motion to dismiss, concluding that its conduct did not fall within the scope of the <u>FDCPA, 15 U.S.C.S. & 1692</u> et seq., because the letters appellant homeowner received did not contain a demand for payment. The 7th Circuit reversed and noted that the homeowner's complaint centered on three separate communications that she alleged violated the FDCPA. According to the court, the mortgagor's letter telling the homeowner that she could avoid foreclosure if she submitted certain financial information was sufficient to bring her claim within the scope of the FDCPA. The homeowner was in default on her loan, and the letter offered to discuss "foreclosure alternatives" and asked her for finance information in order to initiate that process. This letter was the mortgagor's opening communication in an attempt to collect the homeowner's defaulted home loan--- by settlement or otherwise. Though it did not explicitly ask for payment, the 7th Circuit held it was an offer to discuss the homeowner's

repayment options, which qualified as a communication in connection with an attempt to collect a debt. The company's letter on behalf of the mortgagor brought the homeowners claim within the scope of the statute as the purpose of the letter was to encourage the homeowner to contact the mortgagor to discuss debt-settlement options. The mortgagors contact with the company plainly constituted a communication in connection with the collection of a debt. (**SEE EXHIBIT " J")** PLAINTIFF states that the DEFENDANT'S action to direct him to visit Rubin Lublin's website, which clearly shows them engaged in debt negotiation activities, qualifies the DEFENDANT as a debt collector and subject to the FDCPA.

According to the Federal Trade Commission 15 U.S.C 41 et seq., if the foreclosing entity engages in <u>any</u> action to collect the debt directly or <u>indirectly</u> then that action must comply with the mandates of the FDCPA. (FTC staff opinion letters April 1998 to May 2002). This court is to give deference to the FTC's interpretation of the FDCPA.

In the <u>Jerman v. Carlisle, McNellie, Rini, Kramer and Ulrich LPA,</u> 130 S. Ct. 1605 (U.S. 2010) – *The debt validation notice did not ask for the debt to be paid.* – Indeed Justice Sotomayor writing for the majority made a point to state that the Supreme Court regarded the foreclosure lawsuit, which solely sought to foreclose on the security for the loan and not to collect money, to be an attempt to collect a debt; … In <u>Jerman</u>, the Supreme Court specifically stated that a law firm conducting a foreclosure is a "debt collector" who was "attempting to collect a debt" on behalf of a client as defined by the FDCPA and subject to all provisions of the FDCPA even though the law firm never asked <u>Jerman</u> for money.

## E. IDENTIFYING DEUTSCHE BANK AS THE SECURED CREDITOR IS FALSE AND MISLEADING.

The DEFENDANT'S claim that Deutsche Bank is the creditor is false – Rubin

Lublin does not and has not offered any factual proof to prove that Deutsche Bank

truly is the secured creditor, only to say it is not plausible  - without any

information to back up these false claims. DEFENDANT has not supplied any

details of support to invalidate the results of the PLAINTIFF'S private

investigation of the alleged loan or the R.E.M.I.C trust. –Thus, the

DEFENDANT'S claims, prayers for relief and their Motion to Dismiss should be

denied.

> "No entity can be a creditor if they do not hold/own the asset in question (i.e. the Note and/or the Property): A Mortgage pass through trust (i.e. R.E.M.I.C., as defined in Title 26 Subtitle A, Chapter 1 Subchapter M, Part II, 850-862) cannot hold assets for another and if they do, their tax exempt status is violated and the Trust itself is void *ab initio*.

Therefore, either the trust has voided its intended TaxFree Status, or the asset is not

in fact owned by it."

(P 15) The FDCPA Notice (**SEE EXHIBIT "A"**) boldly claims – "You must

contact the <u>creditor</u> at 800-720-3758…" Rubin Lublin does not refer to the entity

Bank of America Home Loans as the servicer, but the <u>creditor</u>. The Notice of Sale

Under Power (**SEE EXHIBIT "B"**) refers to Bank of America, N.A. as the entity

having full authority to negotiate, which very possibly may be a complete

different entity from Bank of America Home Loans. Rubin Lublin has sent the

FDPCA notice, which is only supposed to be sent by the "secured creditor"

according to Georgia foreclosure law. Rubin Lublin also states in the FDCPA

notice that Deutsche Bank is the secured creditor.

From the <u>Michael Bourff v. Rubin Lublin, LLC</u> case 1:09-cv-02437 –JEC - "Rubin Lublin knew it was filing false pleading and in the process perpetrating a fraud upon the Plaintiff and this Court when it stated in its motion to dismiss that BAC was the Plaintiffs creditor when it knew that statement was completely false. The FDCPA mandates that the creditor be identified, Rubin Lublin identified the creditor as BAC when in fact it was Fannie Mae. This is a material false statement that violates 1692e.

With respect to the Magistrate's comment that Rubin Lublin is "between a rock and a hard place" due to the unsettled area of law and should be afforded deference, the Supreme Court put this issue to bed. Justice Sotomayer wrote the majority opinion in <u>Jerman</u>, relying heavily on the idea that <u>ignorance of the law will not excuse a violation of the FDCPA</u> said

"To the extent lawyers face liability for mistaken interpretations of the FDCPA, Carlisle and its *amici* have not shown that 'the result (will be) so absurd as to warrant' disregarding the weight of textual authority discussed above. Absent such a showing, arguments that the FDCPA strikes an undesirable balance in assigning the risks of legal misinterpretation are properly addressed to Congress. "

PLAINTIFF states that DBNTC is not the secured creditor, but only is a servicer, and in fact a debt collector (as defined by the FDCPA) of the PLAINTIFF'S alleged mortgage debt for "Fannie Mae" and 1692e has been violated.

## F.  PLAINTIFF IS ENTITLED TO RECOVER STATUTORY AND ACTUAL DAMAGES

There is not a requirement that in order to bring a FDCPA case, that the PLAINTIFF actually must have been deceived. To the contrary, a PLAINTIFF need suffer no actual injury whatsoever to recover.

Whether a Plaintiff even receives or reads an offending communication is irrelevant to liability – Morgan v. Credit Adjustment Board, Inc. 999 F.Supp. 803, 805-806 (E.D. Va. 1998) and intent is not an element of liability – Patzka v. Vitervo College, 917 F. Supp. 654 (W.D. Wis. 1996) Finally, the FDCPA is a remedial statute to be liberally construed, imposing strict liability. Harrison v. NBD, Inc., 968 F. Supp., 836 (E.D.N.Y. 1997). A single violation of the Act triggers statutory liability and remedies., Morgan v. Credit Adjustment Board, Inc. 999 F. Supp. 803 (E.D. Va. 1998); Clomon v. Jackson, 988 F.2d1314 (2nd Cir. 1993) A violation can result in liability for up to $1,000 in statutory damages., 15 U.S.C. Section 1692k(a)(2)(A). Statutory damages are available even in absence of actual damages – Baker v. G.C. Services, Corp. 677 F.2d 775 (9th Cir. 1982); Keene v. Wexler, 149 F.3d 589 (7th Cir 1998).

Plaintiff hereby desires to be more specific with the requested stake of claims for relief, (prayers for relief), which still includes such other and further relief as the Court deems proper: PLAINTIFF has added value to the property since 2005 by supplying home upgrades, along with providing maintenance and repairs valued at approximately $ 42, 080.00 – A foreclosure such as the one attempted by the DEFENDANT on March 7, 2013 would nullify these gains. The title on the property has been clouded due to false and deceptive practices with the alleged loan which does and would make the property difficult to sell, this cloud on title is jeopardizing the Plaintiff now. If the Plaintiff's alleged mortgage needed to be released to be replaced by a new mortgage, the legal securitization of this transaction may end up being very costly, due to the clouded title – for which the Plaintiff seeks monetary damages of $ 1,995.00. The attempted foreclosure public notice by Rubin Lublin on the property has enticed an onslaught of relentless

letters by greedy real estate investors, debt collectors and lawyers attempting to negotiate on the Plaintiff's behalf, which has been extremely stressful for the Plaintiff, resulting in sleepless nights, worry and non-productivity at work – emotional and physical stress for which the Plaintiff seeks $ 1,465.00. As a Pro Se Plaintiff, recovery is sought for lost wages, due to self representation to allow recovery of the time that Plaintiff had to take off work in order to represent himself in this conundrum of paperwork, in the amount of $ 2,415.00, In the same manner as attorney fees and costs can be recovered.

Plaintiff also seeks injunctive relief – that the court requires the FDCPA to be used to stop Bank of America's relentless harassing calls.

NOTE: Plaintiff has already sent/served a cease and desist letter to the Defendant which was delivered registered/certified mail # 7012 1010 0000 7344 4556 and received by Victor Long of Rubin Lublin – to stop advertising, foreclosure and collection activities, yet the Defendant has failed to abide, for which the Plaintiff seeks $1,200.00 in monetary damages for efforts undertaken which decreased his ability to receive credit and subsequently halted the foreclosure process on May 7th, 2103. Plaintiff prays for the Defendant's prayers for relief to be denied and that the Defendant receives nothing.

PLAINTIFF asserts that an award of statutory damages in the absence of actual damages would be a denial of the Plaintiff's right to due process under the Constitution of the United States of America. State Farm Mut.

Auto. Ins. Co. v. Campbell, 123 S. Ct 1513 (2003).  In PLAINTIFF'S

Complaint # 27 states: By reason of the conduct alleged herein, Defendant

is liable to Plaintiff under 15 U.S.C. and 1692k for actual damages and

statutory damages.  This court should find that the Plaintiff can recover both

actual and statutory damages and relief based upon what the court deems

proper and deny the Defendant's prayers for relief and the DEFENDANT'S

Motion to dismiss.

### G. RUBIN LUBLIN HAS BEEN PROPERLY SERVED.

PLAINTIFF perfected service to the DEFENDANT on April 22nd, 2013 by

Gwinnett County Sheriff, to serve the papers, with the seal, Deputy Collins served

the following: Summons, Plaintiff's Complaint, Verification, Notice to Cease and

Desist and a Certificate of Service… Plaintiff filed this with the clerk of courts on

4/24/2013… Plaintiff also faxed a Notice to Cease and Desist to Rubin Lublin on

4/1/2013. Plaintiff also mailed by registered/certified mail # 7011 2970 0000 6312

2847 the Plaintiff's Complaint, Certificate of Service & Verification to Rubin

Lublin  on April 1st, 2013, signed by M. Williams.

Plaintiff states that the court may exercise jurisdiction over this action as the

Complaint raises federal questions. Both the Defendant and the Plaintiff are in the

Northern District of Georgia.

### SUMMARY

In this entire document and in all exhibits, If Plaintiff refers to the alleged loan or

alleged security interest or lien enforcement as simply a loan or a security deed, or

a security interest or mortgage or other lien contract, it is to be assumed that all of

these are alleged and not presumed valid by the Plaintiff. Plaintiff respectfully

requests that the court order the Defendant to abstain from any and all foreclosure

actions in regards to 3993 Glen Meadow Drive, Norcross, GA 30092 during the

time that this case is transpiring.

Each and every allegation in Rubin Lublin LLC'S Motion to Dismiss to which the

Plaintiff has not specifically responded to throughout this entire "PLAINTIFF'S

RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS" is

expressly denied and opposed by the PLAINTIFF.

THEREFORE for all of the foregoing reasons, the Plaintiff respectfully requests

that this court should deny the DEFENDANT'S prayers for relief and it's Motion

to Dismiss in its entirety.


Respectfully submitted this _10th_ day of May, 2013.


Brant B. Barber
3993 Glen Meadow Drive
Norcross, Georgia 30092   770-231-4569

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 10 2013

JAMES N. HATTEN, Clerk

By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BRANT B. BARBER                          CASE NO. 1:13-cv-0975-TWT

Plaintiff

vs

Defendants

RUBIN LUBLIN, LLC

### CERTIFICATE OF SERVICE

This certifies that I have this day served a true and correct copy of the within and

foregoing  PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION

 TO DISMISS upon Defendants by U.S. Mail, postage prepaid,  addressed as follows:


Peter Lublin, as registered agent for
RUBIN LUBLIN, LLC
3740 Davinci Court
Suite 150
Peachtree Corners, GA 30092


This /0th day of May, 2013.

Brant B. Barber
3993 Glen Meadow Drive
Norcross, Georgia 30092   770-231-4569

# EXHIBIT A

# RUBIN LUBLIN, LLC

Attorneys and Counselors at Law
3740 Davinci Court, Suite 150
Peachtree Corners, GA 30092
TEL (877) 813-0992
FAX (404) 601-5846

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
Copy Via Regular Mail

March 11, 2013

Brant B. Barber
3993 Glen Meadow Drive
Norcross, GA 30092

*Notice of Acceleration and Foreclosure*

| | |
|---|---|
| **File No.:** | **BAC-11-06630-0004** |
| **Loan:** | **Note, and Security Deed from Brant B Barber and Kimotha R.** |
| | **Barber to FIRST FRANKLIN A DIVISION OF NAT. CITY BANK** |
| | **OF IN ("Original Lender")** |
| **Name:** | **Brant B Barber and Kimotha R. Barber** |
| **Property Address:** | **3993 Glen Meadow Drive, Norcross, GA 30092** |

Please be advised that this law firm represents DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE FIRST FRANKLIN MORTGAGE LOAN TRUST 2005-FF8, MORTGAGE PASS- THROUGH CERTIFICATES, SERIES 2005-FF8 ("Foreclosing Entity"), successor in interest to the Original Lender and the secured creditor on the above-referenced loan. By separate communication you have been advised of your rights under the Fair Debt Collection Practices Act, should that Act apply to this proceeding. Nothing in this letter shall prevent you from exercising those rights as set forth in that communication. This letter is to advise you that we are hereby instituting non-judicial foreclosure proceedings against the referenced property. Enclosed you will find a copy of the Notice of Sale Under Power that was submitted for publication in the legal newspaper in the county where the property is located. The foreclosure sale is scheduled for **May 7, 2013** ("Sale Date").

The entire amount of the debt secured by said Note and Security Deed has now been declared due and payable because of, among other possible defaults, failure to pay the indebtedness as and when due and in the manner specified in the Note and Security Deed. *The total amount of the debt owed to the creditor consists of unpaid principal balance, any unpaid accrued interest, escrow/impound shortages or credits, late charges, legal fees/costs, and other charges. You must contact the creditor at 800-720-3758 to find out the amount needed to either bring your loan current or to pay off your loan in full.*
**(Continued on back/next page)**

Please be advised that the Foreclosing Entity intends to enforce the provisions of said Note and Security Deed relative to payment of attorneys` fees. Unless you pay the full amount owed on this loan within ten (10) days from the date of receipt of this letter, reasonable attorneys` fees, as defined by the Official Code of Georgia Annotated Section ("O.C.G.A.") § 13-1-11, will also be owed. Please be further advised that from this point forward, strict compliance with the exact terms of the loan documentation will be required pursuant to O.C.G.A. § 13-4-4.

In some circumstances the Security Deed, State Law, and/or the Foreclosing Entity may allow you to cure the default on your loan and stop the foreclosure prior to the sale date. You may contact this office to find out if reinstatement of your loan will be allowed, and if allowed, what specific amount will be necessary to fully cure the default. Please be advised that if you are allowed to cure the default on your loan, payment must be made in the form of cash, cashier's check or certified funds or wired to be received sufficiently in advance of the Sale Date to allow for cancellation of the sale.

If you are currently or have within the last twelve (12) months been in the military service AND joined after entering into the Loan, please notify this office immediately. You may be entitled to relief under the Servicemembers Civil Relief Act. You may also call 1-800-342-9647 for further assistance or visit www.militaryonesource.com/SCRA. When contacting this office as to your military service, you must provide us with positive proof as to your military status. If you do not provide this information, we will assume that you are not entitled to protection under the above mentioned Act.

This notice is not intended to collect against you personally or indicate that you are personally liable for this debt. This notice relates solely to an enforcement of lien rights with respect to the above-referenced property.

This letter is notice to the extent the Fair Debt Collection Practices Act applies. Nothing contained herein or in future notices shall be deemed an admission that the Fair Debt Collection Practices Act applies to this firm's representation of the aforementioned creditor. Should it apply, please be advised that this firm is acting as a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

**INFORMATION RELATIVE TO LOSS MITIGATION OPTIONS AND SAVING YOUR HOME FROM FORECLOSURE CAN BE FOUND AT**
http://www.rubinlublin.com/homeowner.php

BAC-11-06630-0004

# EXHIBIT B

## NOTICE OF SALE UNDER POWER

GEORGIA, GWINNETT COUNTY

By virtue of a Power of Sale contained in that certain Security Deed from Brant B Barber and Kimotha R. Barber to FIRST FRANKLIN A DIVISION OF NAT. CITY BANK OF IN, dated June 24, 2005, recorded August 12, 2005, in Deed Book 43973, Page 0239, Gwinnett County, Georgia Records, said Security Deed having been given to secure a Note of even date in the original principal amount of Two Hundred Seventy-Four Thousand Three Hundred Twenty and 00/100 dollars ($274,320.00), with interest thereon as provided for therein, said Security Deed having been last sold, assigned and transferred to DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE FIRST FRANKLIN MORTGAGE LOAN TRUST 2005-FF8, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-FF8, secured creditor, there will be sold at public outcry to the highest bidder for cash before the courthouse door of Gwinnett County, Georgia, within the legal hours of sale on the **first Tuesday in May, 2013**, all property described in said Security Deed including but not limited to the following described property:

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 314 OF THE 6TH DISTRICT, GWINNETT COUNTY, GEORGIA, BEING LOT 4, BLOCK F, SPALDING CORNERS SUBDIVISION, UNIT III, AS PER PLAT RECORDED IN PLAT BOOK 9, PAGE 153, GWINNETT COUNTY, GEORGIA RECORDS, WHICH RECORDED PLAT IS INCORPORATED HEREIN BY THIS REFERENCE AND MADE A PART OF THIS DESCRIPTON. SAID PROPERTY BEING KNOWN AS 3993 GLEN MEADOW DRIVE ACCORDING TO THE PRESENT SYSTEM OF NUMBERING HOUSES IN GWINNETT COUNTY GEORGIA.

Said legal description being controlling, however the property is more commonly known as **3993 Glen Meadow Drive, Norcross, GA 30092**.

The indebtedness secured by said Security Deed has been and is hereby declared due because of default under the terms of said Security Deed and Note, including but not limited to the nonpayment of the indebtedness as and when due. The indebtedness remaining in default, this sale will be made for the purpose of paying the same, all expenses of the sale, including attorneys` fees (notice to collect same having been given) and all other payments provided for under the terms of the Security Deed and Note.

Said property will be sold on an "as-is" basis without any representation, warranty or recourse against the above-named creditor or the undersigned. The sale will also be subject to the following items which may affect the title: any outstanding ad valorem taxes (including taxes which are a lien, whether or not now due and payable); the right of redemption of any taxing authority; matters which would be disclosed by an accurate survey or by an inspection of the property; all zoning ordinances; assessments; liens; encumbrances; restrictions; covenants, and any other matters of record superior to said Security Deed.

To the best of the knowledge and belief of the undersigned, the owner and party in possession of the property is Brant B Barber and Kimotha R. Barber , B & B Home Improvement and Investments, or tenants(s).

The sale will be conducted subject (1) to confirmation that the sale is not prohibited under the U.S. Bankruptcy Code and (2) to final confirmation and audit of the status of the loan with the holder of the Security Deed.

The entity having full authority to negotiate, amend or modify all terms of the loan (although not required by law to do so) is: Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP, Loss Mitigation Dept., 7105 Corporate Drive, PTX-A-274, Plano, TX 75024, Telephone Number: 800-720-3758 for and on behalf of the secured creditor.

**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE FIRST FRANKLIN MORTGAGE LOAN TRUST 2005-FF8, MORTGAGE PASS- THROUGH CERTIFICATES, SERIES 2005-FF8**
as Attorney in Fact for
BRANT B BARBER AND KIMOTHA R. BARBER

THE BELOW LAW FIRM MAY BE HELD TO BE ACTING AS A DEBT COLLECTOR. UNDER FEDERAL LAW. IF SO, ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Attorney Contact: Rubin Lublin, LLC, 3740 Davinci Court, Suite 150, Peachtree Corners, GA 30092
Telephone Number: (877) 813-0992 Case No. BAC-11-06630-0004
Ad Run Dates  04/11/2013, 04/18/2013, 04/25/2013, 05/02/2013

www.rubinlublin.com/property-listings.php

# EXHIBIT  J

## About The Firm

» Mission Statement   » Attorney Profiles   » Membership and Associations

Home

About The Firm

Areas of Service

In The News

Homeowner Information

Contact Us

Property Listings

Careers

**Mission Statement**

To mitigate our clients credit losses and otherwise resolve the legal issues confronting them in the most expedient and cost effective manner, without sacrificing quality representation and unparalleled customer service.

**CLICK HERE FOR OUR FIRM RESUME**



Rubin Lublin, LLC



Copyright © 2009 - 2013
Home Page   | About The Firm   | Areas of Service   | Noteworthy Events   | Homeowner Information   | Contact Us   | Property Listings   | Careers   | Terms and Conditions

## Homeowner Information

> Homeowners English    » Homeowners En Español

Home

About The Firm

Areas of Service

In The News

Homeowner Information

Contact Us

Property Listings

Careers

### Is there anything I can do to save my home from foreclosure?

While we understand you may be experiencing temporary or permanent financial troubles that have caused you to be in default of the terms of your mortgage, we may be able to assist you in finding a mutually agreeable work-out plan that fits you and your lender's needs. Your options are listed below.

- **Reinstatements** – Pay the amount you are behind on your mortgage to bring it current.
- **Repayment Plans** – Repay amounts past due on your mortgage in a monthly payment plan while resuming your regularly scheduled payments.
- **Loan Modifications** – Change one or more of the terms of your loan making it more affordable for you.
- **Short Sales** - Sell your home to a third party for less than you currently owe, avoiding foreclosure.
- **Deed in lieu of foreclosure** - Give the deed to your property back to your lender reducing or canceling your mortgage debt and avoid foreclosure

If you do not know who your lender/servicer is, check your mortgage statement or look online at http://hopenow.com/.

*Time is of the essence! Do not delay if you wish to seek assistance!!*

### For Additional Useful Homeowner Information Visit:

- **New Freddie Mac Borrower Help Center Opens in Atlanta**
- **HUD Approved Counseling - Foreclosure Help Workshop**
- **Making Home Affordable Borrower Forms**

- **Fannie Mae Homeowner Help**
- Fannie Mae / Freddie Mac Packet:
- **Fannie / Freddie Borrower Assistance Form**
- **Fanne / Freddie Borrower Assistance Form - Spanish**
- **Government Monitoring Data Form 710A**
- **4506T-EZ Individual Tax Return Transcript**
- **4506T-EZ Spanish**
- **Georgia's Hardest Hit Fund**
- **WaysHome** Interactive Fannie Mae Resource - WaysHome is an interactive video simulation that allows users to put themselves into real-life situations, make decisions on different options - like a modification, short sale or deed-in-lieu of foreclosure - and then see how the consequences play out
- **Keep My Tennessee Home**
- **Free Tennessee Hotline for Distressed Homeowners** Tennessee Attorney General Bob Cooper has announced a partnership with the Homeownership Preservation Foundation to provide a free hotline to guide distressed homeowners to available mortgage relief programs. The hotline's number is 855.876.7283.
- **HOPE Loan Portal**
- **CredAbility Credit Counseling & Education**
- **Check My Net Present Value Website**

Click Here To Read Testimonials from Borrowers Who Have Worked With Our Loss Mitigation Department

*IN THE EVENT THIS FIRM IS DETERMINED TO BE A DEBT COLLECTOR, THIS*
*INFORMATION IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION*
*OBTAINED BY VIRTUE OF IT WILL BE USED FOR THAT PURPOSE.*

Copyright © 2009 - 2013

Home Page  | About The Firm   | Areas of Service   | Noteworthy Events   | Homeowner Information   | Contact Us   | Property Listings   | Careers   | Terms and Conditions

## Testimonials

» Homeowners English    » Homeowners En Español

- "Thank you, Cynthia. You have been most wonderful throughout this whole process! We could not have succeeded in saving our home had it not been for your expertise, your willingness to help and guide us, and your unfailing and endless effort you applied to make this miracle happen. You value to our lives is immeasurable!!! We thank you a thousand times over, and wish you a thousand-fold blessings!!!"

- "We just wanted to say that all of us here are highly impressed with your compnay and all your staff. We appreiate working with the friendly and knowledgeable staff members: Judy Diaz, Erica Malcom, Heidi Billington, Joshua Hopkins and Lisa Caplan. Thank you for the great customer service!!! We will recommend your company to our friends in the industry!"

- "Cynthia, thank you for all you have done to try and help me. I truly, truly appreciate it. If there is EVER anything I can do for you here in Nashville please let me know and I will drop everything to do it. That is how I feel about you ladies, including Judy. You have been so good and kind to me."

- "Unfortunately, I do not usually take the time to thank those who go above and beyond in their profession, but this is worth the time and effort. My nine month long ordeal with my bank's "work out" loan program fell through and I really wanted to save my home. I was not getting any help or answers from my bank, and at the last hour, and I mean last hour, I had the opportunity to speak with Judy Diaz, explain my situation, she immediately had a conference call with the bank, was able to get me options to keep my home, and we were successful. She provided me with answers and solutions that over 70 calls to my bank was unable to - I know you work for the bank, but the true satisfaction is being able to help someone in need (in this case, save my home) by taking the time to talk and direct them in the right direction. Please acknowledge Judy Diaz and her commitment to provide professional, honest service."

- "My husband and I would like to let Judy know how much we appreciate the outstanding work she did on our behalf. She went above and beyond her call of duty for us and we just want to say we love and thank her from the bottom of our hearts. Judy is awesome and an asset to the firm. We pray that she never leaves because she has a heart for her job and the people she interacts with. May God Bless her and her family abundantly."

- "Thank you so much for your prompt response to my email. I have been in touch with Ms. Slick this morning and she was extremely helpful, informative and kind."

- "Thank you so much for your kindness in these difficult days."

- "I just wanted to thank you Cynthia for all the help. You have been the one and only person to be helpful."

- "Ms. Slick is wonderful to work with and has been very helpful and calming in a very difficult situation. After working with her, I was able to bring my account current. I want to express my sincere gratitude for her assistance and patience in this matter. She has been very gracious to me, and I cannot tell you how much it has meant to me being able to talk with her and not feel totally helpless."

Home
About The Firm
Areas of Service
In The News
Homeowner Information
Contact Us
Property Listings
Careers

Copyright © 2009 - 2013
Home Page | About The Firm | Areas of Service | Noteworthy Events | Homeowner Information | Contact Us | Property Listings | Careers | Terms and Conditions

## Areas Of Service

Home

About The Firm

Areas of Service

In The News

Homeowner Information

Contact Us

Property Listings

Careers

Rubin Lublin, LLC offers a full array of services to its mortgage banking and title insurer clientele in both residential and commercial matters in Georgia, Tennessee and Mississippi. We offer representation to lenders and title companies from loan origination to foreclosure bankruptcy and beyond to the disposition of real estate owned ("REO"). We employ the latest technology in each of our practice areas to enable us to communicate effectively with our clients and offer them the best possible service while handling a high volume of their work.

In our residential mortgage default practice, we are able to interface with all major servicing and billing systems. All our work is accomplished within investor required timelines and at investor allowable billing rates. Our commercial mortgage default representation is generally handled at an agreed upon flat fee.

In our compliance and real estate/title litigation areas we offer big firm expertise and capabilities with the personalized service of a boutique firm. Our hourly billing rates compare very favorably with those in our industry.

Our areas of service are as follows:
- Foreclosure
- Foreclosure Prevention / Loss mitigation
- Bankruptcy
- Landlord/Tenant
- Title Clearance
- Real Estate Closings/REO
- Regulatory Compliance
- Real Estate Litigation

Copyright © 2009 - 2013

Home Page  | About The Firm  | Areas of Service  | Noteworthy Events  | Homeowner Information  | Contact Us  | Property Listings  | Careers  | Terms and Conditions

http://www.rubinlublin.com/service-areas.php

5/10/2013

# Property Listings

Home

About The Firm

Areas of Service

In The News

Homeowner Information

Contact Us

Property Listings

Careers

**Please read before calling or emailing.**

Contained herein are listings of all active foreclosure sales for the states of Georgia, Tennessee and Mississippi. When searching for properties, you can group listings according to any of the blue headers. Click the desired header and the properties will sort alphabetically.

This is general information published for the benefit of those attending sales. However, please understand that we expressly reserve the right to modify them in a given sale, as we deem necessary.

WE ARE NOT REALTORS AND HAVE NO INFORMATION ON THE CONDITION OR CHARACTERISTICS OF ANY PROPERTY LISTED.

Sales are for "all cash" with the entire purchase price due and payable at the conclusion of the auction in cash or certified/bank checks. No personal checks will be accepted. All sales will be conducted in an auction format with the opening bid being supplied by the lender. To purchase a property, you must bring sufficient funds to outbid the lender and any other potential investor. Amounts received in excess of the winning bid will be refunded to the successful purchaser at the time the foreclosure deed is delivered.

**This website is the best and only source of information on all of our sales. It contains all information you need and is updated in real time. There is generally no reason to call or email our office for information on upcoming sales. All active sales for at least the next 90 days are posted on this site with opening bid information, if available. If a sale is cancelled it is immediately removed. Bid information may be obtained right up to the point of sale and will be updated immediately. Check for updates.**

All Tennessee sales are scheduled to be cried at 11 a.m. local time, with the exception of Rutherford, Shelby, Cheatham, Williamson, Montgomery, Hickman, Giles, Lincoln, Bedford, Cannon and Henry Counties, which will be cried at 2 p.m. Central Time. All Mississippi sales are scheduled to be cried between 11 a.m. and 4 p.m. Central time. All Georgia sales are scheduled to be cried between 10 a.m. and 4 p.m. Eastern time. Sale times are subject to change in accordance to the time and date specified on the notices of sale. For exact location and time of any sale, please refer to the published notice of sale.

In order to view the Property Listings for Rubin Lublin you must agree to our **Terms of Service**.

WE ARE NOT REALTORS OR BROKERS AND THEREFORE HAVE NO INFORMATION OR MAKE NO REPRESENTATION AS TO THE CHARACTERISTICS, CONTENT OR CONDITION OF PROPERTIES. AS SUCH, DO NOT CONTACT US REGARDING SAME. ALL INFORMATION WE HAVE REGARDING PROPERTIES IS LISTED ON THIS WEBSITE.

By clicking the button below you agree to our **Terms of Service.**

Agree and View Properties

Copyright © 2009 - 2013

Home Page    | About The Firm    | Areas of Service    | Noteworthy Events    | Homeowner Information    | Contact Us    | Property Listings    | Careers    | Terms and Conditions

http://www.rubinlublin.com/property-listings.php                                          5/10/2013



## Property Listings for Georgia
### View Listings for: - -

| Sale Date | Case # | Property | City | Zip | County | Bid |
|---|---|---|---|---|---|---|
| 06/04/2013 | BAC-11-11279-0007 | 150 FITZROY LN | ACWORTH | 30101 | PAULDING | Go To Auction.com |
| 06/04/2013 | BAC-12-03878-0004 | 226 OAK GROVE WAY | ACWORTH | 30102 | CHEROKEE | Go To Auction.com |
| 06/04/2013 | NAT-13-01989-0001 | 3156 PARFAIT PLACE | ACWORTH | 30101 | COBB | Not Available |
| 06/04/2013 | GEN-13-02271-0001 | 4386 WORTH STREET NW | ACWORTH | 30101 | COBB | Not Available |
| 06/04/2013 | BAC-12-00860-0007 | 4909 LIGHTWOOD CT NW | ACWORTH | 30102 | COBB | Go To Auction.com |
| 06/04/2013 | BAC-12-07980-0007 | 5124 LEGENDARY LANE | ACWORTH | 30102 | CHEROKEE | Go To Auction.com |
| 06/04/2013 | BAC-13-01203-0002 | 125 SOUTH FALCON BLUFF | ALPHARETTA | 30022 | FULTON | Go To Auction.com |
| 06/04/2013 | BAC-12-13430-0003 | 260 LANTERN RIDGE COURT | ALPHARETTA | 30004 | FULTON | Go To Auction.com |
| 06/04/2013 | SPS-09-04057-0008 | 910 NEWPORT COURT | ALPHARETTA | 30005 | FULTON | Not Available |
| 06/04/2013 | BAC-13-02447-0001 | 220 EAST MEADOWS DRIVE | ATHENS | 30605 | CLARKE | Not Available |
| 06/04/2013 | BAC-11-12713-0004 | 288 CHALFONT LANE | ATHENS | 30606 | CLARKE | Not Available |
| 06/04/2013 | RSG-12-06895-0005 | 1095 APOLLO DR SW | ATLANTA | 30331 | FULTON | Not Available |
| 06/04/2013 | BAC-11-09780-0005 | 138 KIRKWOOD RD 4 | ATLANTA | 30317 | DEKALB | Go To Auction.com |
| 06/04/2013 | NAT-12-13245-0005 | 1401 MCGILL PARK AVENUE NE | ATLANTA | 30312 | FULTON | Not Available |
| 06/04/2013 | BAC-12-02041-0003 | 1474 VENETIAN DRIVE SW | ATLANTA | 30311 | FULTON | Not Available |
| 06/04/2013 | BAC-13-02287-0001 | 1751 MARIETTA RD NW | ATLANTA | 30318 | FULTON | Go To Auction.com |
| 06/04/2013 | BAC-12-03822-0004 | 1762 PLYMOUTH RD NW | ATLANTA | 30318 | FULTON | Go To Auction.com |
| 06/04/2013 | BAC-11-12340-0005 | 1772 DODSON DRIVE SW | ATLANTA | 30311 | FULTON | Go To Auction.com |
| 06/04/2013 | BAC-12-01621-0005 | 2108 SANDTREE CT. SW | ATLANTA | 30331 | FULTON | Go To Auction.com |
| 06/04/2013 | NAT-13-01361-0002 | 2250 CHARLESTON POINTE SE | ATLANTA | 30316 | DEKALB | Not Available |
| 06/04/2013 | BAC-11-05984-0004 | 2333 OMAHA ROAD SW | ATLANTA | 30331 | FULTON | Go To Auction.com |
| 06/04/2013 | BAC-11-14307-0007 | 2493 OLD COLONY RD | ATLANTA | 30344 | FULTON | Go To Auction.com |
| 06/04/2013 | BAC-10-11345-0008 | 2607 FORREST AVENUE NW | ATLANTA | 30318 | FULTON | Go To Auction.com |
| 06/04/2013 | GEN-12-05877-0003 | 2617 WARWICK CIR NE | ATLANTA | 30345 | DEKALB | Not Available |
| 06/04/2013 | BAC-11-13095-0005 | 2657 LENOX ROAD UNIT 29 | ATLANTA | 30324 | FULTON | Go To Auction.com |
| 06/04/2013 | BAC-12-08059-0005 | 3271 TIMBER RIDGE | ATLANTA | 30349 | FULTON | Go To Auction.com |
| 06/04/2013 | BAC-12-11286-0004 | 3278 WELMINGHAM DR | ATLANTA | 30331 | FULTON | Go To Auction.com |
| 06/04/2013 | NAT-12-10896-0003 | 3324 PEACHTREE STREET NE 3013 | ATLANTA | 30326 | FULTON | Not Available |
| 06/04/2013 | BAC-11-11919-0004 | 3505 OAKSHIRE WAY | ATLANTA | 30354 | FULTON | Go To Auction.com |
| 06/04/2013 | BAC-09-32096-0005 | 361 17TH STREET NW #701 | ATLANTA | 30363 | FULTON | Go To Auction.com |
| 06/04/2013 | BAC-12-04261-0002 | 4197 KENWOOD TRAIL | ATLANTA | 30349 | FULTON | Go To Auction.com |
| 06/04/2013 | BAC-11-13327-0002 | 480 SW CANYON WAY | ATLANTA | 30349 | FULTON | Not Available |
| 06/04/2013 | BAC-09-30373-0007 | 56 BOULEVARD SE | ATLANTA | 30312 | FULTON | Go To Auction.com |
| 06/04/2013 | BAC-11-14005-0003 | 583 TARRAGON CT SW | ATLANTA | 30331 | FULTON | Not Available |
| 06/04/2013 | BAC-12-07635-0008 | 835 BEECHWOOD AVE SW | ATLANTA | 30310 | FULTON | Go To Auction.com |
| 06/04/2013 | BAC-12-04980-0004 | 862 CASCADE XING SW | ATLANTA | 30331 | FULTON | Go To Auction.com |
| 06/04/2013 | BAC-11-13922-0007 | 934 BERKSHIRE ROAD | ATLANTA | 30324 | FULTON | Go To Auction.com |
| 06/04/2013 | BAC-11-09009-0007 | 972 NORTH ORMEWOOD PARK DRIVE | ATLANTA | 30316 | FULTON | Not Available |
| 06/04/2013 | BAC-12-13998-0002 | 3005 BROOKHAVEN WAY | AUGUSTA | 30909 | RICHMOND | Go To Auction.com |
| 06/04/2013 | BAC-12-05409-0003 | 3117 EAGLE ROCK ROAD | AUGUSTA | 30909 | RICHMOND | Go To Auction.com |
| 06/04/2013 | SPS-13-01976-0002 | 3353 OLD LOUISVILLE RD | AUGUSTA | 30906 | RICHMOND | Not Available |
| 06/04/2013 | LNC-13-02182-0001 | 811 BENNOCK MILL ROAD | AUGUSTA | 30906 | RICHMOND | Not Available |
| 06/04/2013 | BAC-11-10010-0005 | 106 RENFORD ROAD | BALL GROUND | 30107 | CHEROKEE | Go To Auction.com |
| 06/04/2013 | SPS-12-02471-0002 | 367 CRAWFORD RD | BARNESVILLE | 30204 | LAMAR | Not Available |
| 06/04/2013 | NAT-12-13211-0003 | 2120 BOTANICAL CIRCLE | BETHLEHEM | 30620 | BARROW | Not Available |
| 06/04/2013 | BAC-12-04474-0004 | 2279 GRANITE PATH COURT | BETHLEHEM | 30620 | GWINNETT | Go To Auction.com |
| 06/04/2013 | BAC-11-08149-0002 | 540 JESSICA LANE | BLAIRSVILLE | 30512 | UNION | Not Available |
| 06/04/2013 | BAC-11-03397-0006 | 133 E RAILROAD STREET | BOWMAN | 30624 | ELBERT | Not Available |
| 06/04/2013 | BAC-13-01430-0002 | 551 JIM ALLEN ROAD | BOX SPRINGS | 31801 | MARION | Not Available |
| 06/04/2013 | BAC-12-02992-0002 | 2921 ELLIS ST | BRUNSWICK | 31520 | GLYNN | Not Available |

Your Foreclosure, Bankruptcy, Eviction, Litigation and REO experts in Georgia and Tennessee.    Page 1 of 2

Case 1:13-cv-00975-TWT  Document 14  Filed 05/10/13  Page 37 of 37



Attorneys serving Georgia, Tennessee, Mississippi & Alabama

Home

About The Firm

Areas of Service

In The News

Homeowner Information

Contact Us

Property Listings

Careers

## Practical and Personalized Solutions for the Real Estate Finance Industry

### *Serving Georgia, Tennessee, Mississippi and Alabama!*

Rubin Lublin, LLC, is a law firm dedicated to exceeding the expectations of its mortgage banking, loan servicing and title insurer clientele. We provide comprehensive legal representation in Georgia, Tennessee, Mississippi and Alabama in the following areas: foreclosure and foreclosure prevention, bankruptcy, eviction, REO and general closings, as well all facets of real estate and title litigation. With a combined fifty years of industry experience and a prestigious AV rating from Martindale Hubbell, each of the principals of Rubin Lublin, LLC are nationally prominent and considered go-to attorneys in their respective practice areas.

We remain at the forefront of our industry through the use of cutting edge technology and advanced strategies to help our clients mitigate their losses. Rubin Lublin, LLC has all the expertise and resources required to meet the unprecedented challenges and opportunities that currently present themselves in our industry. We are strongly committed to our core values of superior customer service to our clients while limiting their exposure to liability and to respecting the rights of consumers and otherwise treating borowers with dignity.

Main Office
3740 Davinci Court
Suite 150
Peachtree Corners, Georgia 30092
770.246.3300
Our Offices : ● - ● - ● - ●

Copyright © 2009 - 2013

Home Page   | About The Firm   | Areas of Service   | Published Articles   | Homeowner Information   | Contact Us   | Property Listings   | Careers