# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **BRANT B. BARBER,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION FILE NO.** |
| **v.** | : | |
| | : | **1:13-CV-0975-TWT-AJB** |
| **RUBIN LUBLIN, LLC,** | : | |
| | : | |
| **Defendant.** | : | |

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

## I.    Introduction

In this civil action, Plaintiff Brant B. Barber ("Plaintiff"), proceeding *pro se*, alleges that Defendant Rubin Lublin, LLC ("Defendant") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, while conducting a non-judicial foreclosure sale of real property located at 3993 Meadow Drive, Norcross, Georgia, 30092 ("the Property"). [*See* Doc. 1, *passim*].  This matter is presently before the Court on Defendant's motion to dismiss Plaintiff's complaint. [Doc. 7].  For the reasons discussed herein, the undersigned **RECOMMENDS** that Defendant's motion to dismiss, [Doc. 7], be **GRANTED**, but that the complaint be **DISMISSED**

**WITHOUT PREJUDICE**, subject to Plaintiff filing an amended complaint to direct the deficiencies noted herein.

## II.    Background [1]

Plaintiff alleges in his complaint that on June 24, 2005, he "was involved with being a party to an alleged promissory note in favor of First Franklin A Division of Nat. City Bank of In. in the amount of . . . $274,320 . . . ." [Doc. 1 ¶ 8]. According to Plaintiff, the agreement "stated *inter alia* [that] the failure to make any monthly payment on its due date shall be declared a default." [*Id.*].

Plaintiff further alleges that on or about March 11, 2013, Defendant Rubin Lublin, LLC, sent him several "letters and notices," one of which was captioned

_____

[1]    When considering a motion to dismiss, the Court accepts as true the well-pleaded facts set forth in Plaintiff's complaint and construes those facts in the light most favorable to Plaintiff. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) ("At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."). The Court, however, is not required to accept Plaintiff's legal conclusions. *See Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Nor will the Court "accept as true a legal conclusion couched as a factual allegation." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

2

"Notice of Acceleration and Foreclosure."  [Doc. 1 ¶¶ 9, 10].[2]  In relevant part, the

Notice of Acceleration and Foreclosure contained the following statements:

> Please be advised that this law firm represents Deutsche Bank National Trust Company, as Trustee for the Certificateholders of the First Franklin Mortgage Loan Trust 2005-FF8, Mortgage Pass-Through Certificates, Series 2005-FF8 ["DBNTC"] ("Foreclosing Entity"), successor in interest to the Original Lender and the secured creditor on the above-referenced loan. . . .  This letter is to advise you that we are hereby instituting non-judicial foreclosure proceedings against the referenced property.  Enclosed you will find a copy of the Notice of Sale Under Power that was submitted for publication in the legal newspaper in the county where the property is located. . . .

> The entire amount of the debt secured by said Note and Security Deed has now been declared due and payable because of, among other possible defaults, failure to pay the indebtedness as and when due and in the manner specified in the Note and Security Deed.  *The total amount of the debt owed to the creditor consists of unpaid principal balance, any unpaid accrued interest, escrow/impound shortages and credits, late charges, legal fees/costs, and other charges.  You must contact the creditor at 800-720-3758 to find out the amount needed to either bring your loan current or to pay off your loan in full.*

> Please be advised that the Foreclosing Entity intends to enforce the provisions of said Note and Security Deed relative to payment of attorneys' fees.  Unless you pay the full amount owed on this loan within ten (10) days from the date of the receipt of this letter, reasonable attorneys' fees . . . will also be owed. . . .

---

[2]       A copy of the Notice of Acceleration and Foreclosure is attached to Plaintiff's complaint as "Exhibit A".  *See* [Doc. 1 at 10-12].

3

In some circumstances the Security Deed, State Law, and/or the Foreclosing Entity may allow you to cure the default on your loan and stop the foreclosure prior to the sale date. You may contact this office to find out if reinstatement of your loan will be allowed, and if allowed, what specific amount will be necessary to fully cure the default. Please be advised that if you are allowed to cure the default on your loan, payment must be made in the form of cash, cashier's check or certified funds or wired to be received sufficiently in advance of the Sale Date to allow for cancellation of the sale. . . .

. . . .

This notice is not intended to collect against you personally or indicate that you are personally liable for this debt. This notice relates solely to an enforcement of lien rights with respect to the above-referenced property.

This letter is notice to the extent the [FDCPA] applies. Nothing contained herein or in future notices shall be deemed an admission that the [FDCPA] applies to this firm's representation to the aforementioned creditor. Should it apply, please be advised that this firm is acting as a debt collector attempting to collect a debt and any information obtained will be used for that purpose. . . .

[*See* Doc. 1 at 11-12 (italics in original)]. Plaintiff states that on March 21, 2013, he dialed 800-720-3748 and "the party on the other end of line answered: 'Bank of America Home Loans.' " [Doc. 1 at 5, ¶ 15].

In addition to the above notice, Plaintiff alleges that he received from Defendant a copy of the "Notice of Sale Under Power" referenced in the Notice of Acceleration

4

and Foreclosure. [*See* Doc. 1 ¶¶ 17-21].[3]  The Notice of Sale Under Power identified DBNTC as the "secured creditor" and "Bank of America, N.A." as "[t]he entity having full authority to negotiate, amend or modify all terms of the loan . . . for and on behalf of the secured creditor." [*Id.*].  The notice further provided that Bank of America, N.A. could be reached by telephone at "800-720-3758." [*Id.*].

After receiving the above "letters and notices" from Defendant, Plaintiff filed this civil action on March 26, 2013. [*See* Doc. 1 ¶ 9].  Construing Plaintiff's complaint liberally, Plaintiff appears to assert that Defendant violated the FDCPA in three ways. First, Plaintiff alleges that Defendant violated 15 U.S.C. § 1692e by representing that DBNTC, the entity identified in the Notice of Acceleration and Foreclosure as "the creditor," could be reached at "800-720-3758," when that number actually connected to "Bank of America Home Loans." [*See* Doc. 1 ¶¶ 15, 24].  Second, Plaintiff submits that Defendant violated 15 U.S.C. § 1692g(2) by failing to identify the name of the actual creditor to whom Plaintiff allegedly owed a debt. [*Id.* ¶ 25].  Lastly, Plaintiff claims that Defendant violated § 1692e by identifying DBNTC as the lender and/or

---

[3]      A copy of the Notice of Sale Under Power is attached to Plaintiff's complaint as "Exhibit B." [Doc. 1 at 13-15].

creditor in the notices, when DBNTC is not an entity that is permitted by law to hold assets.  [*Id.* ¶¶ 20, 26].

On March 16, 2013, Defendant moved to dismiss Plaintiff's complaint pursuant to Rules 12(b)(2), (4), and (6) of the Federal Rules of Civil Procedure.  [Doc. 7]. Plaintiff responded in opposition to the motion on May 10, 2013, [Doc. 14], and Defendant replied on May 17, 2013.  [Doc. 17].  Thereafter, Plaintiff filed a "Reply to Defendant's Reply" without seeking the Court's leave.  [Doc. 26].  The motion to dismiss, having been fully briefed, is now ready for a Report and Recommendation to the District Judge.

### III.   Preliminary Matters

#### A.        Consideration of the Documents Attached to the Motion to Dismiss

As noted above, Plaintiff makes reference to a loan in his complaint that apparently required him to make monthly payments in order to avoid "default."  [*See* Doc. 1 at 3, ¶ 8].  Copies of these loan documents are not included among Plaintiff's papers, but Defendant has attached a number of relevant documents to its motion to dismiss, including: (1) a warranty deed recorded in Deed Book 43973, Page 227, of the Gwinnett County, Georgia records, conveying the Property to Plaintiff on June 24, 2005; (2) a security deed signed by Plaintiff recorded on August 12, 2005,

in Deed Book 43973, Page 239, of the Gwinnett County, Georgia records ("the Security Deed"); (3) an assignment of the Security Deed from "First Franklin a Division of Nat. City Bank of Indiana" to "First Franklin Financial Corporation" recorded on December 26, 2006, in Deed Book 47398, Page 779, of the Gwinnett County, Georgia records; and (4) an assignment of the Security Deed from "First Franklin Financial Corporation" to DBNTC recorded on October 25, 2011, in Deed Book 50948, Page 161, of the Gwinnett County, Georgia records.  [*See* Docs. 7-2, 7-3, 7-4, 7-5].  The aforementioned Security Deed contains, among other things, a power of sale provision granting First Franklin (and its successors and assigns) the power to initiate foreclosure proceedings and sell the Property in the event that Plaintiff defaulted on his payment obligations under the Note.  [*See* Doc. 7-3 at 2, 10].

In his response, Plaintiff objects to the "alleged 'Conveyance,' 'Security Deed,' and 'Assignment,'" on the grounds that the documents "may be fraudulent." [Doc. 14 at 2-3].

Generally, a court must convert a motion to dismiss to a motion for summary judgment if it considers materials outside of a complaint.  *See* Fed. R. Civ. P. 12(d); *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005).  However, a court need not make this conversion when considering a document attached to the complaint or to a

7

motion to dismiss if "the attached document is (1) central to the plaintiff's claim and (2) undisputed." *Day*, 400 F.3d at 1276; *Arango v. U.S. Dep't of the Treasury*, 115 F.3d 922, 923 n.1 (11th Cir. 1997) ("Documents attached to and incorporated into the complaint were properly before the district court on a motion to dismiss."). In the Eleventh Circuit, this is referred to as the " 'incorporation by reference' doctrine." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002); *see also* Fed. R. Civ. P. 10(c). A document is "undisputed" when its authenticity is unchallenged. *Day*, 400 F.3d at 1276; *Horsley*, 304 F.3d at 1134; *see also FindWhat Inv. Grp. v. FindWhat.com*, 658 F.3d 1282, 1297 n.15 (11th Cir. 2011); *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999) (stating that "a document central to the complaint that the defense appends to its motion to dismiss is also properly considered, provided that its contents are not in dispute"). In addition, the Court may take judicial notice of public records without converting the motion to dismiss into one for summary judgment. *Horne v. Potter*, 392 Fed. Appx. 800, 802 (11th Cir. Aug. 16, 2010) (holding that district court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment where the documents "were public records that were 'not subject to reasonable dispute' because they were 'capable of accurate and ready determination by resort to sources whose accuracy could not

8

reasonably be questioned.' ") (citations omitted); *Clark v. Bibb Cnty. Bd. of Educ.*, 174 F. Supp. 2d 1369, 1370 (M.D. Ga. 2001) ("A court evaluating a motion to dismiss for failure to state a claim upon which relief can be granted . . . may . . . consider any attachments to the complaint, matters of public record, orders, and items appearing in the record."); *see also* Fed. R. Evid. 201 (stating that the court may take judicial notice of a fact that is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

Nonetheless, documents outside the complaint may only be considered at the motion to dismiss stage to show their contents, not for the truth of matters asserted therein. *Oxford Asset Mgmt. Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002); *see also Velazquez v. GMAC Mortg. Corp.*, 605 F. Supp. 2d 1049, 1057 (C.D. Cal. 2008) (noting that "a court may take judicial notice of the undisputed matters of public record, e.g., the fact that a hearing took place, but it may not take judicial notice of disputed facts stated in public records.") (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001)).

Here, the conveyance, security deed, and two assignments attached to Defendant's motion to dismiss are central to Plaintiff's claims, and were duly filed in the records of the Gwinnett County Superior Court Clerk's Office. Plaintiff has not

provided any explanation for his belief that the documents "may" be fraudulent, nor has he identified which statements in the documents he believes are not authentic. Accordingly, the Court takes judicial notice of these documents because they are public records not subject to reasonable dispute.  *See Bryant v. Avado Brands, Inc.,* 187 F.3d 1271, 1279-80 (11th Cir. 1999); *Henderson v. BAC Home Loans Servicing, LP*, 1:10-CV-3137-TCB, 2011 WL 10843391, at *8 (N.D. Ga. June 29, 2011) (citing *Letvin v. Amera Mortg. Corp.*, No. 10-00539 JMS/KSC, 2011 WL 1603635, at *1 n.2 (D. Haw. Apr. 27, 2011) (taking judicial notice of documents attached to a motion to dismiss, including a mortgage, note, and assignment, "[b]ecause Plaintiff offer[ed] no explanation for why these documents are in dispute and . . . almost all of them are public documents")).

The Court also observes that district courts in this Circuit have taken judicial notice of recorded security deeds in ruling on a motion to dismiss without converting the motion to one for summary judgment.  *See Shockley v. EMC Mortg. Corp.*, 459 Fed. Appx. 821, 822 (11th Cir. Feb. 28, 2012) (district court did not err in taking judicial notice of publicly filed property records); *Yeboah v. Bank of New York Mellon*, No. 1:12-CV-02139-TWT-JFK, 2012 WL 4759246, at *3 n.2 (N.D. Ga. Aug. 30, 2012) (R&R), *adopted at* 2012 WL 4759242 (N.D. Ga. Oct 05, 2012); *Whisby v. Bank of*

10

*America, N.A.*, No. 5:12-CV-55(MTT), 2012 WL 2357212, at *1 n.3 (M.D. Ga. June 12, 2012). Likewise, district courts in this Circuit have taken judicial notice of assignments filed in the county courthouse in ruling on a motion to dismiss without converting the motion to one for summary judgment. *Whisby*, *id.*; *Correa v. BAC Home Loans Servicing LP*, No. 6:11-cv-1197-Orl-22DAB, 2012 WL 1176701, at *4 (M.D. Fla. Apr. 9, 2012) (taking judicial notice of assignment of plaintiff's mortgage); *Grant v. BAC Home Loans Servicing LP*, No. 1:11-CV-02253-RWS, 2012 WL 887590, at *3 n.1 (N.D. Ga. Mar. 15, 2012) (same); *Henderson*, 2011 WL 10843391 at *8 (same).

The undersigned therefore considers the documents attached to Defendant's motion to dismiss, except where noted, and does not need to convert the motion to dismiss to one for summary judgment.

### B. Plaintiff's "Reply to Defendant's Reply"

As mentioned above, Plaintiff filed a "Reply to Defendant's Reply to Plaintiff's Response to Its Motion to Dismiss," on July 1, 2013. [Doc. 26]. Having examined this document, the Court finds it to be in the nature of a surreply. However, surreplies are not contemplated by this Court's Local Rules and, in any event, require the Court's leave prior to their filing. *Impreglon, Inc. v. Newco Enterprises, Inc.*,

11

508 F. Supp. 2d 1222, 1228 n.5 (N.D. Ga.2007); *Elliott v. Am. Intern. Life Assur. Co. of New York*, 394 F. Supp. 2d 1357, 1362 (N.D. Ga. 2005); N.D. Ga. R. 56.1(A) ("In accordance with LR 7.1 C, the parties shall not be permitted to file supplemental briefs and materials, with the exception of a reply by the movant, except upon order of the court.").  The rules apply equally to *pro se* litigants. "[O]nce a *pro se* litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Watkis v. Payless ShoeSource, Inc.*, 174 F.R.D. 113, 118 (M.D. Fla. 1997) (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)); *see also Sun v. United States*, 342 F. Supp. 2d 1120, 1123 (N.D. Ga. 2004).

Although a court may, in its discretion, permit the filing of a surreply, *see Honig v. Comcast of Georgia I, LLC*, 537 F. Supp. 2d 1277, 1286 n.5 (N.D. Ga. 2008), there is no valid reason to do so here.  Plaintiff has not filed a motion seeking leave to file the construed-surreply, nor has he explained why leave should be granted.  Furthermore, the Court has reviewed Plaintiff's construed-surreply, and its "contents thereof do not affect the [C]ourt's decision." *Shepherd v. Pilgrim's Pride Corp.*, No. 1:04-CV-3530-JOF, 2007 WL 781883, at *1 (N.D. Ga. Mar. 12, 2007). Accordingly, Plaintiff's "Reply to Defendant's Reply," [Doc. 26], construed here as a surreply, has not be considered in making this Report and Recommendation.

AO 72A
(Rev.8/82)

### III.    *Defendant's Motion to Dismiss*

#### A.    *Dismissal Under Rule 12(b)(2) and (4)*

Turning to the merits of the motion to dismiss, Defendant contends that Plaintiff failed to properly serve Rubin Lublin in accordance with Rule 4(a)(1)(F)-(G) of the Federal Rules of Civil Procedure.  Specifically, Defendant states that the summons it received "was neither signed by the clerk nor contained the seal of this Court." [Doc. 7-1 at 17-18].  In his response, Plaintiff submits that he perfected service on Defendant on April 22, 2013, after the filing of Defendant's motion to dismiss.  [Doc. 14 at 20].  Defendant did not address Plaintiff's response or the issue of service in its reply.  [*See generally* Doc. 17].

Under the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for lack of personal jurisdiction and insufficient process. *See* Fed. R. Civ. P. 12(b)(2), (4).  "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of a summons must be satisfied." *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987).  Proper service under Rule 4 requires, among other things, that the summons be "signed by the clerk[] and bear the court's seal." Fed. R. Civ. P. 4(a)(1).  When a defendant challenges process or service the plaintiff must make a *prima facie* showing

13

that the Court has obtained personal jurisdiction over the defendant. *Internet Solutions Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009) ("The plaintiff bears the burden of making out a *prima facie* case for personal jurisdiction by presenting sufficient evidence to withstand a directed verdict motion."). The return of service is *prima facie* evidence but not conclusive proof of good service. *Blair v. City of Worcester*, 522 F.3d 105, 111 (1st Cir. 2008) ("A return of service generally serves as *prima facie* evidence that service was validly performed."); *Udoinyion v. The Guardian Security,* 440 Fed. Appx. 731, 735 (11th Cir. Sept. 7, 2011) (unsworn and unsigned letters insufficient to call into question *prima facie* evidence of service consisting of process server's sworn return).

Here, the Court has examined the summons issued on March 29, 2013, and the return of service dated April 22, 2013. [Docs. 3, 9]. The summons appears to contain the Court's seal and it is signed by the Clerk. [*Id.*]. Defendant offers no argument to the contrary, and the docket reflects that Defendant was served with a summons and complaint on April 22, 2013, after the filing of the motion to dismiss. [Doc. 9]. Defendant does not challenge the propriety of Plaintiff's subsequent service or argue that service remained defective. Therefore, in light of the *prima facie* evidence showing proper service and personal jurisdiction over Defendant, [*see* Doc. 9], the

14

Court **RECOMMENDS** that Defendant's motion to dismiss pursuant to Rule 12(b)(2) and (b)(4) be **DENIED**.

### B.    Dismissal Under Rule 12(b)(6)

Defendant next argues that Plaintiff's complaint should be dismissed  pursuant to Rule 12(b)(6) for failure to state a claim for relief.  Specifically, Defendant submits that Plaintiff's FDCPA claims fail because (1) Plaintiff has not pleaded facts showing that Defendant is a "debt collector"; (2) Plaintiff has not shown that Defendant was attempting to collect a debt; and (3) Plaintiff has not shown that any of Defendant's communications with Plaintiff violated the Act.  [Doc. 7-1 at 7-16].

### 1.  Rule 12(b)(6) Standard

A court will grant a Rule 12(b)(6) motion to dismiss if the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Under Rule 8 of the Federal Rules of Civil Procedure, a pleading states a claim when it contains, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  To determine whether a complaint fails to state a claim, the Court must apply the standard announced by the Supreme Court in *Twombly*, described as follows:

15

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.
>
> Two working principles underlie our decision in *Twombly*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . .  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Iqbal*, 556 U.S. at 678-79 (alterations, citations, and internal quotation marks omitted).

A *pro se* complaint is construed more liberally than formal pleadings drafted by lawyers.  *Ausar-El ex rel. Small, Jr. v. BAC (Bank of America) Home Loans*, 448 Fed. Appx. 1, 1 (11th Cir. Sept. 21, 2011) (citing *Powell v. Lennon*,

16

914 F.2d 1459, 1463 (11th Cir. 1990)).  However, the Court may not "serve as de facto counsel for a party, or . . . rewrite an otherwise deficient pleading in order to sustain an action."  *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds by Iqbal*, 556 U.S. 662.

### 2.    The FDCPA

The FDCPA was enacted by Congress "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010) (quoting 15 U.S.C. § 1692(e)).  Accordingly, § 1692e of the FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt" as well as "unfair or unconscionable" methods of debt collection. *Id.*  In order to prevail on a claim under the FDCPA, a plaintiff must prove that:

> (1) [he][has] been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a 'debt collector' under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA.

17

*Frazier v. Absolute Collection Serv.,* Inc., 767 F. Supp. 2d 1354, 1363 (N.D. Ga. 2011); (Thrash, J. adopting Baverman, M.J.) (citations omitted).

### a. Did Defendant Attempt to Collect A Debt?

As to the first element, Defendant argues that Plaintiff cannot show that it attempted to collect a debt from him because the Notice of Acceleration and Foreclosure explicitly states that Rubin Lublin is not attempting to collect a debt, but is instead enforcing a security interest. [Doc. 7-1 at 9-12].  Plaintiff responds that Defendant "stepped outside the foreclosure arena and into the debt collection arena when it sent [him an] 'FDCPA Notice.' " [Doc. 14 at 11].  Plaintiff further contends that Defendant engaged in debt collection "by means of repayment plans, loan modifications, reinstatements, Deed in lieu of foreclosure and short sales." [*Id.*].  In its reply, Defendant maintains that it was only conducting a nonjudicial foreclosure sale. [Doc. 17 at 7-9].

The FDCPA draws a distinction between general debt collection and the enforcement of a security interest. *See Kaltenbach v. Richards*, 464 F.3d 524, 527 n.3 (5th Cir. 2006).  In *Warren v. Countrywide Home Loans, Inc.*, 342 Fed. Appx. 458, 460 (11th Cir. Aug. 14, 2009), an unpublished Eleventh Circuit decision, the court held that "enforcement of a security interest through the foreclosure process is not debt collection

18

for purposes of the [FDCPA]."[4]  After *Warren* was decided, however, the Eleventh Circuit clarified in *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1217-18 (11th Cir. 2012), that a home loan is a "debt" even if it is secured, and "[a] communication related to debt collection does not become unrelated to debt collection simply because it also relates to the enforcement of a security interest."  Thus, under *Reese*, "the enforcer of a security interest [can] be held liable under the FDCPA[,]" because "an entity can both enforce a security interest *and* collect a debt."  *Birster v. Am. Home Mortg. Servicing, Inc.*, 481 Fed. Appx. 579, 583 (11th Cir. July 18, 2012) (citing *Reese*, 678 F.3d at 1217-18) (emphasis added).  The relevant inquiry then is not whether a security interest is being enforced, but whether the communication at issue is an attempt to collect a debt.  *Reese*, 678 F.3d at 1217.

Contrary to Defendant's misreading of *Reese*'s holding,[5] *Reese* explicitly declined to consider "whether a party enforcing a security interest without demanding

---

[4]     The *Warren* decision explained that an enforcer of a security interest "falls outside the ambit of the FDCPA except for the provisions of section 1692f(6)."  *Id.* at 460-61 (citations omitted).  Plaintiff has not alleged that Defendant violated § 1692f(6), and, thus, that section of the Act is not applicable to the present action.

[5]     Defendant cites *Reese* for the proposition that, "non-judicial foreclosure . . . activity . . . is debt collection under the FDCPA *only* where the debt collector is attempting to collect payment on the promissory note underlying the security deed." [Doc. 7-1 at 9] (emphasis added).

19

payment on the underlying debt is attempting to collect a debt . . . ." *See* 678 F.3d at 1218 n.3.   Nevertheless, in *Hasburn v. Reconstruct Co., N.A.*, 508 Fed. Appx. 941 (11th Cir. Feb. 13, 2013), a case decided after *Reese* and *Birster*, a panel of the Eleventh Circuit affirmed the district court's dismissal of an FDCPA claim, in part because the communication at issue "explicitly informed [the plaintiff] that [the defendant] was not demanding payment of a debt; instead, it was notifying her that the property was being foreclosed."[6]  In light of these Eleventh Circuit decisions, a number of lower courts in this circuit have determined whether a foreclosing entity also attempted to collect a debt by comparing the communication at issue to those at issue in *Reese* and *Birster* on the one hand, and, where applicable, *Hasburn* on the other.  *See, e.g.*, *Lara v. Specialized Loan Servicing, LLC*, No. 1:12-cv-24405-UU, 2013 WL 4768004, at *4 (S.D. Fla. Sept. 6, 2013); *Graveling v. BankUnited N.A.*, --- F. Supp. 2d ----, ----, 2013 WL 4521801, at *9-10 (N.D. Ala. Aug. 27, 2013); *Beckles v. Aldridge Connors, LLP*, No. 1:12-cv-03377,

---

[6]     The communication at issue in *Hasburn* stated the following: "This letter is to advise you that we have been asked to institute foreclosure proceedings against the referenced property based upon a default in the terms of the above referenced security instrument.  A Notice of Sale will be submitted for publication in the legal newspaper in the county where the property is located and a foreclosure sale will be conducted." *Hasburn v. Reconstruct Co., N.A.*, No. 11-60488-CIV, 2011 WL 3837158, at *2 (S.D. Fla. Aug. 24, 2011), *affirmed* 508 Fed. Appx. 941 (11th Cir. Feb. 13, 2013).

20

2013 WL 5355481, at *4 n.3 (N.D. Ga. Feb. 27, 2013); *Hope v. BSI Financial, Inc.*, No. 5:12-cv-00736-AKK, 2012 WL 5379177, at * 3-4 (N.D. Ala. Oct. 26, 2012). The undersigned finds this mode of analysis to be helpful here.

Defendant contends that its communications do not amount to debt collection activity, because, unlike the debt collector in *Reese*, its notice to Plaintiff did not demand any payment and explicitly stated that "[t]his notice is not intended to collect against you personally or indicate that you are personally liable for this debt." [Doc. 7-1 at 10-11]. If that were all that was said in the notice, then, given *Hasburn*, Defendant's argument might be more convincing. However, the notice also informed Plaintiff that (1) a "foreclosure sale [was] scheduled for May 7, 2013," (2) "[t]he entire amount of the debt secured by said Note and Security Deed has *now*[7] been declared due and payable," (3) Plaintiff could contact Defendant to discover the "specific amount [that] will be necessary to fully cure the default," and (4) "[u]nless you pay the full amount owed on this loan within ten (10) days . . . attorneys' fees . . . will also be

_____

[7]     In its brief, Defendant wrongly asserts that its notice informed Plaintiff that payment "has *not* been declared due and payable." [*See* Doc. 7-1 at 10 (emphasis added)]. Setting aside the obvious benefit to be gained from using the word "not" instead of "now" in relation to when Plaintiff's payment was due, the undersigned will not infer any bad faith on Defendant's part and assume that this alteration was a typographical error.

AO 72A
(Rev.8/82)

owed." [Doc. 1 at 11-12]. These communications amount to much more than a mere notice of foreclosure and are "aimed at least in part to induce the debtor to pay back [money] []he allegedly owed." *Romea v. Heiberger & Assocs.*, 163 F.3d 111, 117 (2d Cir. 1998), *cited with approval in Reese*, 678 F.3d at 1218. Indeed, when viewed in its entirety, the notice is more "akin [to] the letter at issue in *Birster*, in which the debt collector advised plaintiffs that their home would be foreclosed unless they cured their default by paying a sum certain within thirty days." *Lara*, 2013 WL 4768004 at *4 (citing *Birster*, 481 Fed. Appx. at 583). Accordingly, notwithstanding Defendant's disclaimer that it was not attempting to collect from Plaintiff "personally," the Court cannot say, as a matter of law, that Defendant's communications do not plausibly qualify as "debt collection activity" under the FDCPA.

For these reasons, the Court finds that Plaintiff's allegations satisfy the first element of a claim for relief under the FDCPA.

### b. Is Defendant a Debt Collector?

The Court next turns to whether the complaint plausibly alleges that Rubin Lublin is a "debt collector" within the meaning of the Act. Defendant contends that the complaint merely parrots the statutory definition of "debt collector" and "does nothing more than set forth a conclusory allegation that Rubin Lublin is a debt collector."

[Doc. 7-1 at 8].  Plaintiff responds that Defendant's references to the FDCPA in its notice, including the statement that "[s]hould the [FDCPA] apply, please be advised that this firm is acting as a debt collector attempting to collect a debt," are sufficient to show that Defendant acted as a debt collector.  [Doc. 14 at 9-10].

Under the FDCPA, a "debt collector" is defined as

any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, *or* who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6) (emphasis added).   Thus, "a party can qualify as a 'debt collector' either by using an 'instrumentality of interstate commerce or the mails' in operating a business that has the principal purpose of collecting debts or by 'regularly' attempting to collect debts." *Reese*, 678 F.3d at 1218.

Here, Plaintiff's complaint twice alleges that Defendant is a debt collector, but neither allegation is sufficient to satisfy the second element of an FDCPA claim.  First, in paragraph five (5) of his complaint, Plaintiff merely quotes the Act's definition of a debt collector and states that Defendant is one.  [Doc. 1 at 2, ¶ 5].  Such an assertion is not only void of factual content but also a legal conclusion that the Court cannot consider. *Iqbal*, 556 U.S. at 679; *Twombly*, 550 U.S. at 545 ("the formulaic recitation

of a cause of action's elements will not do").  Then, in paragraph nine (9) of the complaint, Plaintiff refers to the notices he received from Defendant and concludes that Rubin Lublin is a debt collector, again only quoting the statutory definition.  This too, is insufficient, because "it would be unreasonable for the Court to infer that [Defendant] operates a business whose principal purpose is collecting debts on the basis of the one collection effort alleged here." *Beckles*, 2013 WL 5355481 at *5 (citing *Scott v. Jones*, 964 F.2d 314, 316 (4th Cir. 1992)); *see also Reese*, 678 F.3d at 1218 (plaintiff's allegation that the defendant "firm had sent to more than 500 people 'dunning notices' containing 'the same or substantially similar language' to that found in the letter and documents attached to the complaint" sufficient to show regular debt collection activity).  Thus, by failing to allege any facts showing that the "principal purpose" of Defendant's business is debt collection, or that Defendant "regularly" attempts to collects debts, Plaintiff's complaint does not establish that Defendant is a debt collector. *Reese*, 678 F.3d at 1218.

In addition, the undersigned is not persuaded by Plaintiff's argument that Defendant's FDCPA disclaimers in its notice subject it to liability under the Act. "[T]he relevant test of whether an entity is a debt collector under the FDCPA is whether the statutory definition applies, not whether the entity has ever stated in a document that

24

it is a debt collector." *Prickett v. BAC Home Loans*, No. 2:12-CV-0826-LSC, 2013 WL 2248135, at *11 (N.D. Ala. May 21, 2013); *see also Chomilo v. Shapiro, Nordmeyer & Zielke, LLP*, No. 06-3103 (RHK/AJB), 2007 WL 2695795, at *6 (D. Minn. Sept. 12, 2007) (finding that defendant's FDCPA disclaimers in its notice do not necessarily make it a debt collector). Nor do the allegations in Plaintiff's brief that Defendant's website and legal representation of "various creditors, well in excess of a hundred (100) separate non-judicial foreclosures in the past year" establish Defendant's status as a debt collector. [Doc. 14 at 9-10]. These additional allegations are beyond the scope of the Court's review, which is limited to the factual allegations in the complaint and its attached exhibits, and the exhibits noted *supra* in Part III.A. *See Speaker v. U.S. Dept of Health & Human Servs. Centers for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) ("[I]t is generally true that the scope of the review must be limited to the four corners of the complaint."); *Woodard v. Town of Oakman*, 885 F. Supp. 2d 1216, 1227 (N.D. Ala. 2012) ("There is no law in this Circuit that a plaintiff may prevent dismissal for failure to state a claim by adding additional facts in his/her briefs . . . ."). Moreover, even if the Court were to consider these additional allegations, the fact that Defendant conducts non-judicial foreclosure

25

sales, standing alone, does not make it a debt collector. *See Hasburn*, 508 Fed. Appx. at 942; *Reese*, 678 F.3d at 1217-18.

For the above reasons, the Court finds that Plaintiff has not stated a claim for relief under the FDCPA because he has not alleged facts showing that Defendant is a debt collector. However, in light of Plaintiff's arguments in his brief, and because Rubin Lublin has appeared as a defendant in this Court in many foreclosure/FDCPA actions, the Court **RECOMMENDS** to the District Judge that Defendant's motion to dismiss, [Doc. 7], be **GRANTED** but that the complaint be **DISMISSED WITHOUT PREJUDICE**.

Alternatively, in the event that the District Judge finds that Plaintiff has alleged that Defendant is a debt collector, and the above recommendation is not adopted, the parties' additional arguments are addressed below.

### c.      Did Defendant's Communications Violate the Act?

Defendant argues that Plaintiff cannot show that it violated the Act because "it is not plausible that [DBNTC] is not Plaintiff's creditor." [Doc. 7-1 at 12-16]. Specifically, Defendant submits that Plaintiff's conclusory allegation that DBNTC cannot hold assets because it is a REMIC trust is unsupported by any facts. [*Id.* at 14]. Defendant also contends that Plaintiff's allegation that it gave him a false phone

26

number "to contact the creditor" is insufficient to show an FDCPA violation, because Plaintiff cannot show how he was misled by that information.  [*Id.* at 15].

In his response, Plaintiff raises a number of additional allegations relating to Defendant's failure to comply with the Georgia nonjudicial foreclosure statute, O.C.G.A. § 44-14-160 *et seq*.  [*See* Doc. 14 at 3-5, 10-11].  In addition, Plaintiff maintains that Defendant violated the Act by informing him that he could contact "the creditor at 800-720-3758."  [*Id.* at 16].

Defendant replies that Plaintiff's allegations regarding wrongful foreclosure should not be considered because the complaint only alleges claims under the FDCPA.  [Doc. 17 at 2].  Defendant also submits that, even if the Court were to consider Plaintiff's additional allegations, they do not state a claim for wrongful foreclosure.  [*Id.* at 2-4].

The Court agrees with Defendant that Plaintiff's complaint does not assert any claims for wrongful foreclosure.  Furthermore, even assuming that the complaint had asserted such claims, Plaintiff's arguments in his brief regarding wrongful foreclosure were rejected by the Georgia Supreme Court in *You v. JP Morgan Chase Bank, N.A.*, 293 Ga. 67, 743 S.E.2d 428 (Ga. 2013).  Plaintiff's primary contention appears to be that DBNTC was not the secured creditor and thus could not authorize Defendant to

27

either send the notice of foreclosure under O.C.G.A. § 44-16-162.2 or foreclose on the Property. [Doc. 14 at 3-5]. However, the record shows that the Security Deed was assigned from First Franklin to DBNTC on October 5, 2011. [*See* Doc. 7-5]. As the *You* court explained, "the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed." *You*, 293 Ga. at 74, 743 S.E.2d at 433. Moreover, "under *You*, O.C.G.A. § 44-16-162.2's notice requirement is satisfied if the notice identifies the individual or entity with full authority to negotiate, amend, and modify the terms of the mortgage, regardless of whether that entity is a secured creditor, note holder, deed holder, or none of the above." *Sanford v. Bank of America, N.A.*, No. 1:13-cv-1228-RWS, 2013 WL 5899238, at *3 (N.D. Ga. Oct. 31, 2013) (citing *You*, 293 Ga. at 74-75, 743 S.E.2d at 433-34). As the exhibits attached to Plaintiff's complaint demonstrate, DBNTC was identified as the secured creditor in the notice, and Bank of America, N.A., was identified as the entity having full authority to negotiate, amend, or modify the terms of the loan. [Doc. 1 at 11-15]. Accordingly, Plaintiff's arguments regarding DBNTC's non-secured creditor status are insufficient to support a claim for wrongful foreclosure under Georgia law.

28

In addition, Plaintiff's allegations do not show that Defendant violated § 1692g of the FDCPA "by failing to disclose the name of the actual creditor . . . ." [Doc. 1 at 8, ¶ 25]. Section 1692g requires that a debt collector disclose the "name of the creditor to whom the debt is owed." *See* 15 U.S.C. § 1692g(a). The FDCPA in turn defines "creditor" as "any person who offers or extends credit creating a debt or to whom a debt is owed." *See* 15 U.S.C. § 1692a(4). As stated above, the notices identified DBNTC as Plaintiff's creditor, and DBNTC had previously been assigned the Security Deed, as well as "the indebtedness secured thereby." [*See* Doc. 7-5]. Thus, Plaintiff's claims that Defendant failed to disclose the name of the creditor are without merit.

However, Plaintiff's allegation that Defendant violated the FDCPA by notifying him that he could "contact the creditor at 800-720-3758" is another matter. The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. "The use of 'or' in § 1692e means that, to violate the FDCPA, a representation by a 'debt collector' must merely be false, or deceptive, or misleading. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA facially, even where no misleading or deception is claimed." *Bourff v.*

29

*Rubin Lublin, LLC*, 674 F.3d 1238, 1241 (11th Cir. 2012).  Here, the complaint alleges that Defendant's notice identified DBNTC as the creditor but provided a number for "the creditor" that connected to Bank of America.  Because Plaintiff has alleged facts showing that Bank of America was not his creditor, he has thus shown that Defendant made a false representation in connection with the collection of a debt, in violation of § 1692e.  *See Shoup v. McCurdy & Candler, LLC*, 465 Fed. Appx. 882, 884 (11th Cir. Mar. 30, 2012) (citing *Bourff* for the proposition that "[t]he allegation that the loan servicer was not a 'creditor' was enough to state a plausible claim for relief under the FDCPA").

Accordingly, the undersigned **RECOMMENDS** that Defendant's motion to dismiss Plaintiff's complaint on this basis, [Doc. 7], be **DENIED**.

## IV.   Conclusion

For the reasons stated above, the Court finds that Plaintiff has not stated a claim for relief under the FDCPA because he has not plausibly alleged that Defendant is a debt collector.  Accordingly, the Court **RECOMMENDS** to the District Judge that Defendant's motion to dismiss, [Doc. 7], be **GRANTED** but that the complaint be **DISMISSED WITHOUT PREJUDICE**, subject to Plaintiff being given an

30

opportunity to file an amended complaint satisfactorily addressing the deficiencies in the complaint noted in this R&R.

Alternatively, in the event that the District Judge finds that Plaintiff has alleged that Defendant is a debt collector, and the above recommendation is not adopted, the undersigned **RECOMMENDS** that Defendant's motion to dismiss, [Doc. 7], be **DENIED** because Plaintiff has plausibly alleged that Defendant violated 15 U.S.C. § 1692e.

**IT IS SO RECOMMENDED**, this the 19th day of November, 2013.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)